Mr. Chief Justice Shahkev
delivered the opinion of the court.
This appeal is taken from the decree of the chancellor overruling the demurrer to the bill of complainants; our inquiries will therefore be directed to that point alone. There are two grounds taken for the appellant, in support of the demurrer. First, that Lloyd had a full and complete defence to the action at law, to enjoin the proceedings in which this bill is brought. Secondly, that the claim of the appellee against George Barnes, the appellant’s intestate, was barred by the statute of limitations.
*589 It is certainly an undeniable position, that when the defence is complete and available at law, equity will not interfere; but was it so in this instance? The several sums claimed in the bill, are as payments to the particular demand on which the suit was instituted. They did not originate in a course of trade, and constitute offsets, but were actual payments made by agreement of the parties, and as such, could Lloyd have introduced them in his defence at law? Nothing, of course, could exclude them as offsets but the particular form of action adopted by the plaintiff. If the action had been debt or assumpsit, the question would be clear, but it was covenant, founded on the original agreement to deliver so much ginned cotton. The plea of payment, as regulated by our statute, is confined to actions of debt, on single or penal bills, and to debt or scire facias upon judgments. Revised Code, 118. It cannot extend to covenant to deliver specific articles, and even if it be considered in the nature of a plea of set-off, it could not be interposed to covenants sounding in damages merely. Tidd’s Practice, 603. It was insisted, however, in argument, that even if the defence was not available under the plea of payment, it might have been pleaded as an accord and satisfaction. The plea of accord and satisfaction, it is true, might be appropriate in this form of action, if justified by the 'facts. The averments in the bill do not, however, show a state, of facts which would support such a plea. To constitute an accord and satisfaction a good bar, it must be executed and accepted as such. 1 Jacob, 24; 3 East, 251; 5 Johns. Rep. 141. The second contract, as stated in the bill, was a mere agreement to pay a sum of money in lieu of the cotton. The sum agreed on was 945 dollars. Out of this sum, George Barnes requested Lloyd to pay debts which he owed to different individuals, “ in part discharge, and on account of the amount of money so agreed on. This is the language of the bill, and it is manifest that it was an executory contract, and that the payments to be made by Lloyd were only in part discharge of his liability. , ’ :
The essential qualities of an accord and satisfaction were wanting, and if Lloyd had attempted a defence in that shape, he must have failed of success. That the form of the action at law was *590 changed by consent, from debt to covenant, cannot alter the condition of the complainant. If he had refused his consent to the change, the object could readily have.been attained by dismissing the action of debt, and instituting covenant; so that the effect of the agreement was only to save the time and trouble of commencing a new suit.
It was also insisted that the original agreement was discharged by the subsequent parol contract, and that the only remedy was on the subsequent contract, against which Lloyd could have successfully made his defence.
If he had placed his defence upon this ground, it would, to say the least of it, have been doubtful in a court of law. It is said as from high authority, that a deed cannot be revoked or discharged by parol; Phillips’s Evidence, 444, and authorities there cited. The time of performance may be enlarged by parol, or acts which substantially amount to performance may be shown by parol. It is a question involving much less doubt, that Lloyd can insist upon the parol contract to defeat the covenant in a court of equity. Phillips’s Evidence, 445. And his remedy being more full and complete in equity, affords a good ground for retaining the bill.
The only remaining question is, whether the claims of Lloyd were barred by the statute of limitations. If they had been presented as offsets merely, the statute would apply to them, but they are insisted on in the bill as actual payments, made by express agreement of the parties, in part discharge of the parol contract, and so far as these payments were made, the contract was performed and Lloyd’s liability extinguished. Considered in this light, the statute of limitations cannot operate on them.
These are the only questions raised by the appeal from the decision on the demurrer to the bill, and no other question is properly before us.
The decree of the chancellor overruling the demurrer must be affirmed, and the cause remanded for further proceedings.